UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NOEL B. HINMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-049 RM |
| | ) | |
| MARK L. GRZESIOWSKI, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

On January 21, Mr. Noel Hinman filed a complaint against Mr. Mark Grzesiowski pursuant to 28 U.S.C. § 1361, asking the court for a writ of mandamus to compel Mr. Grzesiowski to perform his duty as an agent of the Internal Revenue Service Office of Appeals. On March 17, Mr. Grzesiowski, by way of his attorney Ms. Karen Smith, moved this court to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1). Mr. Hinman responded to the motion; the court proceeds without benefit of a reply by Mr. Grzesiowski. For the following reasons, the court denies the defendant's motion.

Rule12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits of the action. See Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998). In ruling on a Rule 12(b)(1) motion, the court may,

but need not accept the truth of the allegations in the complaint, and it may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *See* Bastien v. AT&T Wireless Serv., Inc., 205 F.3d 983, 990 (7th Cir. 2000); *see also* Long v. Shorebank Dev. Corp., 182 F.3d 548 (7th Cir. 1999) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." (quotations and citations omitted)). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *See* Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999).

Mr. Hinman brings this action pursuant to 28 U.S.C. § 1631, which grants jurisdiction to the court over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff." To invoke this type of mandamus jurisdiction successfully, Mr. Hinman must make an adequate showing that he "has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available." Blaney v. United States, 34 F.3d 509, 513 (7th Cir. 1994).

In an effort to invoke such jurisdiction, Mr. Hinman argues that he had a clear right to a hearing pursuant to 26 U.S.C. §§ 6320 and 6330 (statutes governing due process for tax liens), Mr. Grzesiowski improperly denied him such a hearing contrary to his clear duty, and no other adequate remedy is available.

2

Mr. Grzesiowski focuses the court's attention to the timeliness of Mr. Hinman's appeal of his Collection Due Process determination and the forum in which he chose to bring that appeal, neither of which are at issue in the complaint.[1]

Based on the legal memoranda submitted to the court, Mr. Hinman has made the requisite showing to establish mandamus jurisdiction. As to Mr. Hinman's clear right to a hearing, both parties agree that Mr. Hinman received a "Notice of Intent to Levy and Notice of your Rights to a Hearing," and timely filed a "Request for Collection Due Process Hearing." Pursuant to 26 U.S.C. §§ 6320 and 6330, if a person receives the above notice and timely requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." The parties agree that Mr. Hinman timely filed a request for a hearing, so the statute clearly establishes his right to have such a hearing.

As to the second prong, the Internal Revenue Service Office of Appeals has a clear duty to hold a timely requested hearing. Mr. Grzesiowski argues Mr. Hinman's requested hearing was not necessary because Mr. Hinman intended to "only argue protester arguments." As Mr. Grzesiowski admits, however, Mr. Hinman timely requested a hearing. When that predicated fact is present, Congress's use of the word "shall" in §§ 6320(b)(1) and 6330(b)(1) renders holding

---

[1] Ms. Smith chose to integrate a musical song from the mid-twentieth century as the theme of the legal arguments asserted on behalf of Mr. Grzesiowski. Such tactics are a disservice to Mr. Grzesiowski (who is being sued for allegedly not taking Mr. Hinman's rights seriously), the Internal Revenue Service, and the administration of justice. Counsel's time would have been better spent addressing the relevant jurisdictional law and/or replying to the substantive legal arguments asserted by Mr. Hinman's response.

the hearing compulsory. The statute does not appear to give the Internal Revenue Service Office of Appeals, or Mr. Grzesiowski, discretion to deny a hearing based on the requesting party's intended arguments.

Finally, Mr. Hinman alleges there is no other adequate remedy available to him, as the Internal Revenue Service Office of Appeals, by way of Mr. Grzesiowski, simply ignored its statutory obligation to hold his requested hearing. Because Mr. Grzesiowski has not come forth with any evidence refuting Mr. Hinman's position, the court cannot determine at this stage the existence of an adequate alternative remedy. Thus, Mr. Hinman's allegation is taken as true, and the third prong is satisfied.

Mr. Hinman's complaint adequately pleads the requisite facts and law needed to confer mandamus jurisdiction. Thus, dismissal at this stage is inappropriate, and the defendant's motion to dismiss is DENIED [Doc. No. 3].

The court further ORDERS a briefing schedule to determine the propriety of issuing a writ of mandamus. Mr. Hinman shall file his opening brief no later than thirty days from the date this order is entered. Mr. Grzesiowski shall file his response brief no later than thirty days after the filing of Mr. Hinman's opening brief, with Mr. Hinman's reply to be filed within fifteen days from the date Mr. Grzesiowski filed his response.[2]

SO ORDERED.

---

[2] Calculation of time is subject to FED. R. CIV. P. 6.

ENTERED: <u>May 10, 2005</u>

<u>  /s/ Robert L. Miller, Jr.        </u>
Chief Judge
United States District Court