UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NOEL B.  HINMAN,                    )
                                    )
                    Plaintiff       )
                                    )
            vs.                     )       CAUSE NO. 3:05-CV-049 RM
                                    )
MARK L.  GRZESIOWSKI,               )
                                    )
                    Defendant       )

OPINION AND ORDER

Noel Hinman petitions the court pursuant to 28 U.S.C. § 1361 for a writ of mandamus to compel  Mark Grzesiowski, an agent of the Internal Revenue Service Office of Appeals, to grant Mr. Hinman a face-to-face Collection Due Process Hearing. On May 10, the court denied Mr. Grzesiowski's motion to dismiss, but determined the complaint was not so frivolous to deny the court jurisdiction over the merits. *See* Ahmed v. Department of Homeland Sec., 328 F.3d 383, 386-87 (7th Cir. 2003) ("unless the [mandamus] claim is so frivolous that it fails the *Bell v. Hood* test [setting out the familiar three-prong requirements for a writ of mandamus], the district court has jurisdiction to determine whether the prerequisites for mandamus relief have been satisfied."). For the following reasons, the court finds that mandamus relief is improper.

Under 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ

of mandamus is proper only when: "the plaintiff ha[s] a clear right to the relief sought . . . the defendant ha[s] a duty to perform the act in question . . . and [there is] no other adequate remedy available." <u>Ahmed v. Department of Homeland Sec.</u>, 328 F.3d at 387. The burden of proof rests on the plaintiff's shoulders to show that a right to mandamus relief is clear and indisputable, <u>Banks v. Sec'y of Ind. Family and Soc. Serv. Admin.</u>, 997 F.2d 231, 244 (7th Cir. 1993), and "a conclusion that any one of [the] prerequisites is missing should lead the district court to deny the petition." <u>Ahmed v. Department of Homeland Security</u>, 328 F.3d at 387.

Mr. Hinman asserts he has a clear right to a face-to-face hearing and Mr. Grzesiowski had a clear duty to hold one. The court, however, need not address either of these issues because Mr. Hinman cannot show he didn't have an adequate remedy available. While Mr. Hinman seeks to limit the court's analysis to the sole issue of whether he had a clear right to a face-to-face hearing, the court must look to the entire relationship between Mr. Hinman and Mr. Grzesiowski to determine whether mandamus relief is appropriate. Specifically, the court must determine what adequate remedies, if any, were available to Mr. Hinman after Mr. Grzesiowski denied him a face-to-face Collection Due Process hearing.

The history of this case began when the Internal Revenue Service assessed against Mr. Hinman unpaid federal income tax liabilities for tax years 1988 through 1995. After Mr. Hinman received his final notice of the IRS's intent to levy, he properly requested a Collection Due Process hearing. In response, Mr.

Grzesiowski scheduled a phone conference on November 4, 2004. After Mr. Hinman did not participate in the phone conference, the IRS issued its Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330. This notice informed Mr. Hinman of his rights to appeal under 26 U.S.C. § 6330 with the United States Tax Court. Mr. Hinman petitioned this court for a writ of mandamus instead of appealing.

The existence of a single adequate remedy is fatal to Mr. Hinman's petition. Mr. Grzesiowski asserts that Mr. Hinman had an adequate remedy under 26 U.S.C. § 6330(d), which provided him with the right to appeal the IRS's determination concerning collection actions. Mr. Hinman argues 26 U.S.C. § 6330(d) can't provide an adequate remedy for him to contest the denial of his face-to-face hearing (which he asserts violated his due process rights) because the Tax Court is not the proper venue for constitutional arguments. However, the court of appeals held in Voelker v. Nolen, 365 F.3d 580 (7th Cir. 2004) that "a case involving income taxes – like this one – must be filed in the Tax Court. " Voelker v. Nolen, 365 F.3d at 581. Moreover, the court of appeals noted that a plaintiff like Mr. Hinman, who chose to bring an action with the District Court instead of appeal under 26 U.S.C. § 6330(d) could have and should have raised his due process arguments with the Tax Court. 365 F.3d at 82 (citing several Tax Court decisions addressing due process arguments). Had Mr. Hinman felt the Tax Court incorrectly analyzed his due process claims, he could have appealed such analysis to the court of appeals. 26 U.S.C. § 7482.

3

Mr. Hinman did not appeal, so he did not utilize an adequate remedy at law available to him. As already noted, the absence of one prerequisite renders the mandamus remedy inappropriate. <u>Ahmed v. Department of Homeland Security</u>, 328 F.3d at 387. Thus, Mr. Hinman's petition for a writ of mandamus is DENIED, and the Clerk shall terminate this case in favor of the defendant.

SO ORDERED.

ENTERED: <u>October 28, 2005</u>

<u>/s/Robert L. Miller, Jr.</u>
Chief Judge
United States District Court